# IN RE RATICAN.

PATENTS; NOVELTY.

While the effecting of a new combination of old elements so as to produce a new and useful result may constitute invention (following *Re East-wood*, 33 App. D. C. 291), one who merely improves an element of an existing combination without making a new combination is not entitled to a combination patent. (Following *Re McNeill*, 20 App. D. C. 294.)

No. 637.   Patent Appeals.   Submitted November 7, 1910.   Decided December 5, 1910.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting certain claims of an application for patent.                                                                    *Affirmed.*

The facts are stated in the opinion.

*Mr. James A. Carr* and *Mr. Amasa M. Holcombe* for appellant.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents, disallowing claims 4, 5, and 6 of appellant, William Ratican. It is sufficient to reproduce claim 4, as it is typical:

"4. A traveling street washing and sprinkling apparatus comprising a wheel truck having a water tank thereon and supply and delivery pipes for said tank, and a sector-shaped delivery nozzle on the delivery pipe, mounted to turn universally, said delivery nozzle having a plurality of comparatively small apertures in its circular walls, said apertures being arranged

in parallel rows, and the apertures of one row being arranged to overlap two adjacent apertures in another row."

It will be observed that the alleged invention is for a combination of elements. Appellant, in his brief, contends that "he has reorganized the Ottofy street-flushing machine by replacing the separate flushing and sprinkling nozzles therein with an improved form of nozzle, particularly adapted for flushing purposes, and capable of use as a sprinkling nozzle as well." In other words, appellant contends that by improving one of the many elements in a combination, he is entitled to a combination patent instead of a patent for a specific invention.

It is apparent that the structure described in the claims which have been disallowed is the well-known street sprinkler equipped with a sector-shaped delivery nozzle having a plurality of comparatively small apertures in its circular walls, said apertures being arranged in parallel rows, and the apertures of one row being arranged to overlap two adjacent apertures in another row. Assuming, for the purposes of this case only, that the improvement in a nozzle heretofore used in street sprinkling and street flushing carts amounts to invention, we fully agree with the tribunals of the Patent Office that appellant is not entitled to a patent for a new combination, for the obvious reason that his combination is not new at all. He has merely substituted one nozzle for another. Had he effected a new combination of old elements, so as to produce a new and useful result, he would, of course, have been entitled to consideration. *Re Eastwood,* 33 App. D. C. 291; *Expanded Metal Co.* v. *Bradford,* 214 U. S. 366, 53 L. ed. 1034, 29 Sup. Ct. Rep. 652. But appellant's nozzle is not even attached in a novel manner. He employs the same ball and socket joint which is found in the Ottofy structure. The real basis, therefore, for his contention that he is entitled to a combination patent, lies in his assertion that the peculiar construction of his nozzle makes it possible to both sprinkle and flush the streets without a change of nozzle. He has merely taken the nozzle of the prior art, made specific changes therein, and then

restored it to its former position in the combination. One nozzle of the prior art was effective for street cleaning and another for street sprinkling. When his nozzle is used for either purpose it operates exactly as did the nozzle of the prior art. If appellant has made an improvement upon the nozzle of the prior art, he is entitled to be protected in the use of his invention; but he is certainly not entitled to a patent on a new combination merely because he has improved a single element of that combination. *Re McNeill,* 20 App. D. C. 294. He has improved an element of but has not made a new combination.

The decision of the Commissioner is affirmed, and the clerk will certify this opinion as by law required.    *Affirmed.*